IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ISAIAH D. WHEELER, | CV-22-91-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF TOWNSEND, BROADWATER COUNTY SHERIFF'S OFFICE, TONY CORDOVA, and JAMIE BUCK, | |
| Defendants. | |

Plaintiff Isaiah D. Wheeler, proceeding *pro se*, filed suit alleging constitutional violations associated with his incarceration.[1] The complaint fails to state a claim for federal relief.

## STATEMENT OF THE CASE

Wheeler is incarcerated at Montana State Prison. The violations alleged are asserted to have occurred on June 2, 2020, when Wheeler was arrested on a warrant,[2] and an unidentified officer told him that if he did not stop resisting, the officer would release his police dog.[3] He also claims that he had to wait 20 minutes

---

[1] Doc. 1.
[2] *Id.* at 4.
[3] *Id.*

for emergency medical assistance and that he received a "major dog bite wound" requiring stitches.[4]

## 28 U.S.C. §§ 1915, 1915A SCREENING

The Court reviewed Wheeler's Complaint under 28 U.S.C. §§ 1915 and 1915A, which required the Court to dismiss the complaint if (1) frivolous or malicious, (2) failed to state a claim upon which relief may be granted, or (3) sought monetary relief from a defendant who is immune from such relief. It must be dismissed.

Fed. R. Civ. P. 8 provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,"[5] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] A claim is "plausible" if factual allegations, accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] *Pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[8]

---

[4] *Id.* at 5.
[5] Fed. R. Civ. P. 8(a)(2).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[7] *Id.*
[8] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

2

## ANALYSIS

The Complaint does not assert claims upon which relief can be granted. Whether excessive force was used during the course of an arrest is evaluated under the Fourth Amendment. Force is unconstitutionally excessive if it is "objectively unreasonable."[9] Objective reasonableness turns on the "facts and circumstances of each particular case."[10] "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."[11]

Considerations which bear on the use of reasonableness of force include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. The most important factor is whether the suspect posed an immediate threat. This analysis is not static, and the reasonableness of force may change as the circumstances evolve.[12]

Wheeler claims he was on the ground and cooperating, when someone released a police dog that bit him. He also alleges that he was being cuffed and was told that if he did not stop resisting the officer would release the dog, suggesting he

---

[9] *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).
[10] *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).
[11] *Id.* (citing *Graham*, 490 U.S. at 396).
[12] *Hyde v. City of Willcox*, 23 F.4th 863, 870 (9th Cir. 2022) (cleaned up).

was not cooperating. Wheeler does not identify who released the dog. He asserts Jamie Buck "let it happen," but does not explain how Buck could have prevented anything from happening. Wheeler claims he wants to hold three officers accountable but has only named two as defendants.

A plaintiff must present factual allegations against each individual defendant sufficient to state a plausible claim for relief and place each such individual defendant on notice of the claim against him.[13] The allegations must link the actions or omissions of each named defendant to a violation of his rights.[14] Wheeler has failed to plead facts sufficient to put any defendant on notice about what exactly the officer is claimed to have done.

The City of Townsend is dismissed. The State of Montana, and its agencies, are immune from suit.[15] The Supreme Court of the United States has interpreted the Eleventh Amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court."[16] No allegations are made against the City of Townsend that could attach liability to it.

---

[13] *Iqbal*, 556 U.S. at 678–79 (2009); *Moss v. U.S. Secr. Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).
[14] *Iqbal*, 556 U.S. at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).
[15] The Eleventh Amendment states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."
[16] *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

## CONCLUSION

As stated, Wheeler's Complaint fails to state a claim upon which relief may be granted. Unless he files an amended complaint that complies with this order, the case will be dismissed.

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or other documents by reference. Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Wheeler believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Wheeler's rights; (5) when the alleged actions took place; and (6) what injury Wheeler suffered because of that defendant's conduct.[17]

**ORDERED:**

1. Wheeler shall file an amended complaint on or before December 30, 2022.

2. The Clerk of Court is directed to provide Wheeler with an Amended Complaint form. The Amended Complaint filed must contain all of Wheeler's claims in one document and not refer to or incorporate other documents.

3. If Wheeler fails to timely file an Amended Complaint as ordered, the

---

[17] *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Clerk of Court is directed to enter judgment dismissing the case.[18]

4. Wheeler must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in dismissal.

DATED this 16th day of December, 2022.

*Sam E. Haddon*
Sam E. Haddon
United States District Court

---

[18] *See* Fed. R. Civ. P. 58.